Towaki Komatsu
802 Fairmount Pl. Apt. 4B
Bronx, NY 10460
Tel: 718-450-6951
E-mail: Towaki_Komatsu@yahoo.com

RECEIVED
SDNY PRO SE OFFICE
2019 DEC -9  AM 11: 16

December 9, 2019

Hon. Jed Rakoff
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *State of New York et al. v. United States Immigration and Customs Enforcement, et al.*, No. 19-cv-8876 (JSR) (S.D.N.Y.)

Dear Judge Rakoff,

This is Towaki Komatsu again. I am filing this letter to you to supplement the application that I filed on 12/5/19 to intervene in the case referenced above. That supplement primarily concerns audio and video recordings that I discussed between pages 66 and 69 within a table that appears in that filing. After submitting that filing, I realized that I inadvertently neglected to specify specific times within those recordings for you to consider in conjunction with my application to intervene in this case. I also realized that I didn't properly describe a video recording of a face-to-face conversation that I had with Chief U.S. Marshal Michael Greco on 11/19/19 that I discussed at the end of that table. As a result, the table that appears next remedies those deficiencies by containing those specific times in those recordings for this Court to consider and a proper description of the video that I recorded of my conversation with Mr. Greco on 11/19/19. In the interests of avoiding redundancy, the only columns being shown in this table show **a)** the row number of the corresponding row to which it refers within the table that appeared at the end of my 12/5/19 filing in this action for cross-referencing purposes and **b)** a description column

that is used to specify specific times in those audio and video recordings for this Court to consider in conjunction with this application.

| Row # | Description |
|---|---|
| 3 | Both the CSO who dropped my laptop and I are shown in that video at the elapsed time of 20 seconds from its beginning as I am then shown holding my laptop in my right hand as I'm about to walk through a metal detector. |
| 4 | I'm shown in the top frames that are shown among 4 frames. At roughly the elapsed time of 48 seconds from the beginning of that video, CSO Galgano and CSO Quealley began criminally assaulting and retaliating against me in response to lawful and entirely valid speech that I was then expressing about the fact that CSOs didn't have adequate procedures in place to cause them to carefully handle electronic equipment property belonging to people who visited the Thurgood Marshall federal courthouse. When they criminally assaulted me, I hadn't exhibited any disorderly or otherwise threatening body language or otherwise expressed the same verbally. Due to the distance between the video security cameras that recorded that confrontation and where it occurred, what is shown in the video recording appears to be quite small in size. As a result I strongly recommend enlarging the size of the playback of that video as much as possible to best comprehend what is shown in it. |
| 8 | At the elapsed time of 2 minutes and 55 seconds from the beginning of that video, Mr. Morales is seen criminally assaulting me by having both of his hands on my chest as he illegally also prevented from lawfully proceeding further into that courthouse to follow-up conduct official business that includes performing legal research and following-up on a lawsuit that I had filed there that was then active. |

| Row # | Description |
|---|---|
| 9 | Mr. Brasgalla and I are shown near each other in that video at the elapsed time of 8 minutes and 6 seconds from its beginning as I'm shown sitting while Mr. Brasgalla was then shown standing near me. |
| 10 | Mr. McHugh and I are shown in that video at the elapsed time of 16 minutes and 32 seconds from its beginning. I'm then shown on the right while wearing a yellow shirt and holding papers in my right hand. |
| 11 | I'm shown in that video at the elapsed time of 15 minutes and 53 seconds from its beginning wearing a yellow shirt while standing to the left of CSO Ken Taylor who is a Black male. Mr. McHugh is then shown standing in front of and somewhat to my left as Mr. Taylor was pointing toward Mr. Brasgalla with his right hand. |
| 12 | The "fist-bump" gesture between Mr. Morales and a member of the United States Marshals Service ("USMS") is shown at the elapsed time of roughly 16 minutes and 18 seconds from the start of that video in the upper-left frame as a member of the USMS walked down a set of stairs in front of the Pearl Street entrance to the Daniel Patrick Moynihan federal courthouse and met Mr. Morales there. Due to the distance between where that occurred and the video security camera that recorded it, what is shown in that video is quite small in size. I therefore strongly recommend enlarging the playback of that video as much as possible to best comprehend what is shown in it. |

| Row # | Description |
|---|---|
| 13 | At the elapsed time of 2 minutes and 24 seconds from the start of that video recording, Mr. Morales is clearly shown using his right hand to stick what appears to be his index finger within less than 5 inches from my face to try to illegally intimidate and harass me as he was then stalking me in the presence of CSO Foley, who is also then clearly shown in that video. |
| 14 | At the elapsed time of 4 minutes and 56 seconds from the start of that video recording, I'm shown lawfully conducting myself as I was then walking to an elevator in front of Mr. Lui, who was stalking me and appeared to be engaged in some type of radio communication with a device he held in his right hand. At that time, I had a notebook in my right hand. |
| 15 | Katherine Day of the USMS' Freedom of Information Law division is clearly heard at the elapsed time of roughly 38 seconds from the beginning of that video having made such a remark as I played back her voicemail message. |
| 18 | I inadvertently forgot to point out that this video recording actually shows a playback by me of the video recording that I recorded with a cell phone on 11/19/19 at 5 pm of a conversation that I then had with Chief U.S. Marshal Michael Greco instead of that video recording being the actual video recording that I recorded on that date at that time. I recorded a video recording of my playback of that video to show information about what was recorded by the GPS feature on the cell phone that I used to record that earlier video recording on 11/19/19 at 5 pm as GPS was then active on my cell phone. |

Also, it's necessary for me to apprise you about an incident that occurred on 12/6/19 inside of the Records Room that is located on the third floor inside of the Daniel Patrick Moynihan federal courthouse that further justifies having me be granted authorization to intervene in this case. That incident is clearly described in detail in the attached printouts of e-mail messages that I sent on 12/6/19 to the Office of Inspector General for the United States Department of Justice's New York City field office. In short, Roseanne Dempsey who works for the Records Management division of the Daniel Patrick Moynihan federal courthouse flagrantly violated my constitutional rights in the presence of other members of the general public in that room between 3:15 pm and 4 pm on 12/6/19 as she used a patently fraudulent pretext to try to justify illegal discrimination that she subjected me to without any justification whatsoever. She also ignominiously stigmatized me in the presence of those other unknown members of the public by fraudulently telling me in that room then that she felt threatened by me strictly because a federal court security officer was not present in that room instead of her having felt that way because of some way that I had conducted myself toward her. I have never threatened her in any way whatsoever. I have never conducted myself in any unlawful or disorderly way in her presence. Her claims to me that were made within earshot of other members of the public also included a remark by her in which she fraudulently contended that I needed to have a federal court security officer with me in that room. Quite simply, her remarks to me on 12/6/19 in that room were as offensive as having a man who has never raped someone being fraudulently and falsely accused by a woman of having committed a rape. In fact, her remarks to me then likely constituted defamation against me because other unknown members of the public were within earshot.

Thank you for your time and consideration.

Regards,

Towaki Komatsu

**From:** Towaki Komatsu <towaki_komatsu@yahoo.com>
**Subject:** Violations of federal court regulations, federal laws & constitutional rights by federal court records management clerk Roseanne Dempsey today in court
**Date:** December 6, 2019 at 7:36:08 PM EST
**To:** Dojoig.newyorkcomplaints@usdoj.gov

Hi,

My name is Towaki Komatsu.

I'm sending you this e-mail message to file a complaint against Roseanne Dempsey for having employed a patently fraudulent pretext to flagrantly violate all of the following in regards to me today between 3:15 pm and 4 pm while I was inside of the Records Room that is located on the third floor of the Daniel Patrick Moynihan federal courthouse:

41 CFR §102-74.390(d), 42 U.S.C. § 1983, 42 U.S.C. § 1986, 18 U.S.C. §245(b)(5), 18 U.S.C. § 1512(b), 18 U.S.C. § 1512(c), 18 U.S.C. §1512(d), 18 U.S.C. §1513(e), my First Amendment rights, my Fourteenth Amendment rights that pertain to due process, equal protection, and selective-enforcement that corresponds to the class-of-one legal theory.

A video security camera that is controlled by the U.S. Marshals Service is installed in a corner of that room located to the right of the entrance to that room.

Throughout the entire time that I was inside of the Daniel Patrick Moynihan federal courthouse today, I conducted myself in an entirely lawful manner in stark and startling contrast to Ms. Dempsey. Ms.

Ms. Dempsey's illegal conduct against me today inside of the Records Room within the Daniel Patrick Moynihan federal courthouse was in her official capacity as a clerk for that courthouse's Records Management division. She did so by deliberately, arbitrarily, capriciously, fraudulently, and irrationally denying me my legal right to receive information from her concerning court records until a federal court security officer arrived in that Records Room after me while I was in that room. By subjecting me to that treatment, she illegally subjected me to selective-enforcement that corresponds to the class-of-one legal theory tied to an illegitimate animus and discrimination that had no legal justification whatsoever on her part.

Shortly after I entered that Records Room today and as I was beginning to lawfully ask her a question about how I could obtain a record of a court transcript for a case in which I am the plaintiff, she interrupted me and told me that she would not provided me any assistance until a federal court security officer was present in that room. When I promptly and lawfully challenged her decision to not immediately provide me assistance, she fraudulently and promptly claimed that I needed to have a federal court security officer ("CSO") with me then. I promptly and lawfully responded to that deceit by her, by telling that I did not need to have a CSO with me. I also told her that I had prevailed in litigation in which CSOs had expressed fraudulent claims against me to cause me to be subjected to an abuse of process. I was then referring to the entirely

frivolous and retaliatory case of *USA v. Komatsu*, No. 1:18-cr-00651 (E.D.N.Y. Oct. 21, 2019) that was dismissed against me on 10/21/19 at the request of the prosecution in that case. Prior to meeting Ms. Dempsey today, I met her in that same room on numerous dates and we both conducted ourselves appropriately toward one another at all times in it. Also, prior to seeing her today, I saw her after 10/21/19 and apprised her about the fact that the case of *USA v. Komatsu* had been dismissed in my favor. I believe that she congratulated me when I told her about that. However, all of that professionalism and fair treatment toward me by her shockingly and suddenly came to a crashing halt today for no valid reason.

After she told me that I needed to have a CSO with me in that room today, she fraudulently then told me that she felt threatened by me. When I diligently and lawfully challenged her to substantiate that claim by directing her to provide me a credible reason why she felt threatened by me, she replied by telling me that it was merely because she had grown accustomed to seeing me in the presence of federal court security officers when I met her in that Records Room. However, she then exaggerated in that regard somewhat because there have been times following 8/8/18 when I was in that Records Room with her and no federal court security was present in it as well. On such occasions, she handed me printouts of legal filings and talked with me in a professional manner. She arbitrarily, capriciously, and irrationally refused to follow that practice today with me in that same room and outside of the presence of a federal court security officer.

I explained much of what I just stated above to Ms. Dempsey today in that Records Room as well as to her supervisor (David Ng) and a federal court security officer whose first name begins with the letter "N" and last name is Lee. All of those conversations were face-to-face and occurred in that Records Room between 3:15 pm and 4 pm in the presence of witnesses who I do not know.

It is also worth mentioning that after I entered that Records Room today after 3:15 pm and Ms. Dempsey clearly stated to me that she would not assist me until a CSO arrived to that room, she assisted a male visitor to that room who arrived to it after I did. That fact that she helped him before me violated my due process rights and was clearly and quite literally "disorderly" conduct by her to my detriment on account of the clear fact that she should have assisted visitors to that room in the order in which they arrived to it.

Since the U.S. Marshals Service has a long and ongoing track record of illegally withholding video recordings from me that are recorded by video security cameras it controls that are installed inside of federal courthouses in New York City and within their immediate vicinity outside of them in flagrant violation of my First Amendment right, my Fifth Amendment rights, my Fourteenth Amendment rights, my rights pursuant to 5 U.S.C. § 552(a), and federal statutes that include 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 18 U.S.C. § 1512, 18 U.S.C. § 1519, it is incumbent upon your team to make immediate arrangements to cause the video recordings that are sufficiently identified within the following e-mail message to be preserved and promptly provided to me in non-redacted and unedited form for the time periods that I specified in that e-mail message.



**Re/ New Freedom of Informatio...d for video**
17 KB

After the CSO whose last name is Li arrived to the Records Room, he was professional toward me and tried to shift the blame from Ms. Dempsey to himself for what had transpired between Ms. Dempsey and I in that room today prior to his arrival to it after me. However, I lawfully pointed out to him that none of that was his fault and that it was instead the fault of Ms. Dempsey. Mr. Ng then answered my questions about court records that I was originally going to ask Ms. Dempsey about before she illegally subjected me to discrimination in that room today.

Appropriate corrective action to be taken against Ms. Dempsey includes having her promptly fired from her job with the U.S. Courts for having used a fraudulent pretext today against me to subject me to an abuse of process under color of law while Illegally hindering my ability to receive government services while failing to accord me proper due process prior to subjecting me to such restrictions.

From,

Towaki Komatsu

Tel: 718-450-6951

Page 3 of 3

Case 1:19-cv-08876-JSR   Document 48   Filed 12/09/19   Page 10 of 12

**From:** Towaki Komatsu <towaki_komatsu@yahoo.com>
**Subject:** Re: New Freedom of Information Act demand for video
**Date:** December 6, 2019 at 4:57:00 PM EST
**To:** USMS FOIA <USMS.FOIA@usdoj.gov>
**Cc:** internal.affairs@usdoj.gov

My name is Towaki Komatsu.

I am ordering the United States Marshals Service in accordance with the Freedom of Information Act ("FOIA"), my First Amendment rights, Fifth Amendment rights, and 5 U.S.C. 552(a) to promptly provide me all video recordings that were recorded today of me between 10 am and 4:30 pm by video security cameras controlled by the U.S. Marshals Service **a)** throughout the entire time that I was inside of the following courthouses:

a) The Thurgood Marshall federal courthouse in Manhattan.

b) The Daniel Patrick Moynihan federal courthouse in Manhattan.

c) The Brooklyn federal courthouse that is located at 225 Cadman Plaza East in Brooklyn.

Throughout the entire time that I was inside of all of those courthouses today, I conducted myself in an entirely lawful manner. However, a female court clerk named Roseanne Dempey violated my First Amendment and Fourteenth Amendment due process and equal protection right between 3:15 pm and 4 pm to receive court services from her without unnecessary delay in her official capacity as a clerk in the Records Room that is located on the third floor of the Daniel Patrick Moynihan federal courthouse. Shortly after I entered that Records Room today and as I was beginning to lawfully ask her a question about how I could obtain a record of a court transcript for a case in which I am the plaintiff, she interrupted me and told me that she would not provided me any assistance until a federal court security officer was present in that room. When I promptly and lawfully challenged her decision to not immediately provide me assistance, she fraudulently claimed that she felt threatened by me in spite of the fact that I never conducted myself in a threatening, disruptive, or disorderly manner before she stated that she would not assist me today. I also never communicated anything to her before she made that remark that could be reasonably construed as being threatening in nature. There were several witnesses in that room as my interactions with her occurred today. While I was in that room today, I talked with her supervisor who is named David

Ng. I also talked with a male federal court security officer who has the first letter of "N" in his first name and has the last name of Lee. He is a Black male.

Areas where I was inside of the Daniel Patrick Moynihan federal courthouse today consisted of its Records Room, one of its elevators that I took to get the Records Room and back to the first floor, the security screening area, its phone bank area, and various corridors in those areas.

Areas where I was inside of the Thurgood Marshall federal courthouse today consisted of its Pro Se Intake office, its security screening area on its first floor, the clerk's office for the U.S. Court of Appeals for the Second Circuit, and various corridors in those areas.

Areas where I was inside of the Brooklyn federal courthouse today consisted of its Pro Se Intake office, its security screening area on its first floor, various corridors in those areas, and a restroom.

My mailing address is:

Towaki Komatsu
802 Fairmount Place.
Apartment 4B
Bronx, NY 10460

From,

Towaki Komatsu