```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
STATE OF NEW YORK, ET AL.           :
                                    :
        Plaintiffs,                 :
                                    :          19-cv-8876(JSR)
        -v-                         :
                                    :          MEMORANDUM ORDER
U.S. IMMIGRATION AND CUSTOMS        :
ENFORCEMENT, ET AL.                 :
                                    :
        Defendants.                 :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Non-party Towaki Komatsu, proceeding pro se, petitions the Court for leave to intervene in the instant lawsuit under Fed. R. Civ. P. 24 or, in the alternative, to appear as an amicus curiae. ECF Nos. 45, 48 & 49. For the following reasons, his motion is denied.

Fed. R. Civ. P. 24(a)(2) provides intervention as of right to a person who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Even where a party does not meet these requirements, a court may, in its discretion, grant permissive intervention under Fed. R. Civ. P. 24(b)(1)(B) to a person who "has a claim or defense

1

that shares with the main action a common question of law or fact."

The Court has reviewed Mr. Komatsu's lengthy submissions. Even construing them liberally and interpreting them in the most favorable light, see Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), it is clear that the legal violations Mr. Komatsu claims to have suffered are totally different from those at issue in the State of New York's lawsuit against U.S. Immigration and Customs Enforcement (ICE). Mr. Komatsu explains in his letters that he has been harassed and mistreated by police and court security personnel, both in Bronx Supreme Court — where he was purportedly excluded from a public resource fair in May 2017 — and at the Daniel Patrick Moynihan federal courthouse in Manhattan. But the instant lawsuit is not, as Mr. Komatsu seems to believe, about all forms of mistreatment of members of the public by law enforcement at courthouses. Rather, this case asks the much narrower question of whether federal immigration law authorizes ICE officers to conduct immigration arrests of aliens while they are present at, or traveling to or from, state courthouses. Mr. Komatsu is therefore not situated similarly to the aliens subject to this type of arrest.

The Court therefore finds that he does not meet the requirements for intervention as of right under Fed. R. Civ. P.

24(a)(2) because he does not assert "an interest relating to the . . . transaction that is the subject of the action," and allowing the lawsuit to proceed without his intervention would not prejudice his interests in any way. Likewise, for the reasons just explained, the Court finds that Mr. Komatsu does not have "a claim or defense that shares with the main action a common question of law or fact" and accordingly denies his motion for permissive intervention. Finally, his motion to appear as an amicus curiae is denied, because the Court finds that his submissions would not be "of aid to the court [nor] offer insights not available from the parties." Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. and N.J., 11-cv-6746 (RJH), 2011 WL 5865296 at *1 (Nov. 22, 2011).

SO ORDERED.

Dated: New York, NY
December 19, 2019

JED S. RAKOFF, U.S.D.J.