Towaki Komatsu
802 Fairmount Pl. Apt. 4B
Bronx, NY 10460
Tel: 718-450-6951
E-mail: Towaki_Komatsu@yahoo.com

RECEIVED
2020 JAN -5 PM 8:26
U S DISTRICT COURT SDNY

RECEIVED
JAN -6 2020
PRO SE OFFICE

January 3, 2019

Hon. Jed Rakoff
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *State of New York et al. v. United States Immigration and Customs Enforcement, et al.*, No. 19-cv-8876 (JSR) (S.D.N.Y.)

Dear Judge Rakoff,

This letter motion is in response to the order that you issued in this action on 12/29/19. Contrary to the inexcusable ignorance that you demonstrated through your remarks in that order, the following is entirely true and accurate about that order:

1. It's patently unlawful primarily because it directly violates my First Amendment right to petition courts for redress of valid grievances that include violations of my Fourteenth Amendment equal protection rights that would certainly and unlawfully occur if you issue a decision in favor of the plaintiffs in this action. I didn't need your permission nor anyone else's to file my letter motions in this action. I had a First Amendment right to do so that is as inherent and irrevocable as your right to breathe. The following excerpt from *Puckett v. City of Glen Cove*, 631 F. Supp. 2d 226 (E.D.N.Y. 2009) elaborates about my First Amendment rights in this regard:

   > "The First Amendment protects the right of access to the courts, and an individual's right to complain to public officials. *Lewis v. Casey,* 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (right of access); *Monsky v. Moraghan,* 127 F.3d 243, 246 (2d

Information Act ("FOIA"), my First Amendment rights, Fifth Amendment rights, and 5 U.S.C. 552(a) to promptly provide me all video recordings that were recorded yesterday of me between 12 pm and 1:15 pm by video security cameras controlled by the U.S. Marshals Service **a)** throughout the entire time that I was inside of the Daniel Patrick Moynihan federal courthouse in Manhattan.

Throughout the entire time that I was inside of all of those courthouses today, I conducted myself in an entirely lawful manner. However, a female court security officer ("CSO") whose last name is Hachemeister illegally and deliberately made physical contact with my back with one of her hands as I entered an elevator located on the first floor of that courthouse while my back was turned to her. I felt that physical contact and saw her hand still raised as I immediately turned around to lawfully confront her about having illegally made that physical contact with me. The fact that she deliberately made physical contact with my body and I instantly expressed my objections to her about her having done so confirms that she illegally assaulted me by having done so.

The court decisions that was issued in *Wright v. MUSANTI*, No. 14-cv-8976 (KBF) (S.D.N.Y. Jan. 20, 2017) defines assault in the following way:

> "Under New York law, "`[a]n `assault' is an intentional placing of another person in fear of imminent or offensive contact.'""

Ms. Hachemeister did so as she illegally stalked me throughout that courthouse without any legal justification in flagrant violation of my First Amendment and Fourteenth Amendment due process and equal protection rights. That stalking has been and continues to be illegal selective-enforcement in furtherance of an ongoing discriminatory and patently illegal vendetta being maintained by the U.S. Marshal's Service ("USMS"). Right before Ms. Hachemeister made illegal physical contact with my body as I entered that elevator, I had been talking with CSO Venturella (he is a male) in the corridor by that elevator about the fact that there still weren't any video security cameras installed in that area after CSO Ralph Morales criminally assaulted me in that same exact area on 8/8/18 while he was then off-duty as a CSO and in the presence of CSO Manwai Liu, who was on-duty and illegally helped to cover-up Mr. Morales' illegal assault against me by having lied about with Mr. Morales.

She thereafter continued to illegally stalk me as I visited the Records Room on the third floor of that courthouse to conduct official business. Prior to entering that room, I encountered one of her colleagues who is male and whose last name is Herrara in the hallway outside of that room. As I lawfully attempted to enter that Records Room, he illegally directed me to wait in violation of 41 CFR § 102-74.390 as well as my First Amendment and Fourteenth Amendment rights to be able to enter that room without any interference and delay in being able to do so. He then promptly stood in my way after I lawfully opened the door to that room to enter it as I ignored his unlawful order to wait. I immediately ordered him to get out of my way and he complied. By having blocked my path to enter that room, he violated 41 CFR § 102-74.390, 18 U.S.C §245(b)(5), my First Amendment, and Fourteenth Amendment rights.

Page 4 of 6

After I entered that room, both of those CSOs did too and refused to leave, even after I clearly pointed to them that I using resources in that room to conduct legal research and asserted both my privacy rights, due process rights, and equal protection rights with respect to other visitors to be able to conduct research in that room without being subjected to unnecessary distractions caused by CSOs being in that room and making unnecessary noise in it while being in it. Instead, both of those CSOs remained in that room and continued to have unnecessary conversations in it while also using radio devices that made unnecessary noises in that room. Those noises were totally unnecessary and materially prevented me from focusing on my legal research in flagrant violation of my First Amendment and Fourteenth Amendment rights. Other CSOs who have previously also illegally stalked me while following me to that same room have previously waited outside of it until I finished my business in that room in which a video security camera controlled by the USMS is installed to resume illegally stalking me in that courthouse. I was in that room yesterday during a period that spanned times between 12:05 pm and 1 pm. While I was in it, I made a note that those 2 CSOs were engaged in unnecessary conversations at 12:36 pm that was illegally distracting me from legal research that I was conducting. Also, while I was in that room, a clerk who is named Roseanne Dempsey for that Records Management team who works in that room was present. It's quite likely that she can attest to the fact that I clearly and lawfully voiced objections to those CSOs about their **a)** unnecessary and discriminatory presence in that room while I was in it as well as **b)** their unnecessary noise in that room that was distracting me from my legal research. Due to the presence of those CSOs in that room, they unlawfully distracted me from my research and that fact caused me to forget to check docket numbers for 2 orders that were issued by United States Judge Lorna Schofield that were issued in lawsuit that I commenced to provide those docket numbers to Ms. Dempsey in order to get printouts from her of those orders. I clearly pointed out that fact as I talked with Ms. Dempsey in the presence of those 2 CSOs as I clearly and lawfully conveyed my frustration to Ms. Dempsey about the fact that I was being illegally distracted from my research by those 2 CSOs' presence in that room. After I recalled the dates of those 2 orders by Judge Schofield from memory, Ms. Dempsey searched a computer for them, located them, and gave me printouts of them.

Any delay or failure to provide me the video recordings that I am demanding to be provided through this e-mail will constitute flagrant violations of 18 U.S.C §1512, 18 U.S.C §1513, 18 U.S.C §1519, 42 U.S.C §1983, 42 U.S.C §1986, as well as my rights pursuant to the First Amendment, Fifth Amendment, Fourteenth Amendment, and 5 U.S.C. §552(a).

The following identify areas where I was inside of the Daniel Patrick Moynihan federal courthouse yesterday:

**a)** The security screening area on its first floor.

**b)** The area on its first floor where visitors deposit and pickup their electronics upon entering and leaving that courthouse.

**c)** Its Records Room,

**d)** A stairwell that connected its 8th floor to its 3rd floor. I used those stairs to try to reach the Records Room on its third floor as Ms. Hachemeister followed me in it after the elevator that we were in didn't stop at the third floor in response to my having pressed the button for the third floor while I was in it to stop there. Instead, that elevator thereafter opened at the eight floor. At that point, I lawfully opted to let Ms. Hachemeister and I have some exercise by taking the stairs to reach the third floor instead of using an elevator that had just proven to be unreliable for that purpose. However, the door to the third floor in that stairwell was locked and Ms. Hachemeister was unable to open it with keys that she used to try to do so. That caused us to leave that stairwell on or about the sixth floor to take an elevator to its third floor.

My mailing address is:

Towaki Komatsu
802 Fairmount Place.
Apartment 4B
Bronx, NY 10460

From,

Towaki Komatsu




From,

Towaki Komatsu

**Mailing Address**:

Towaki Komatsu
802 Fairmount Pl., Apt. 4B
Bronx, NY  10460

Tel: 718-450-6951

Page 6 of 6

Towaki Komatsu
802 Fairmount Pl
Apt 4B
Bronx NY 10460

Pro Se Intake Office
500 Pearl Street
New York, NY

RECEIVED
PRO SE OFFICE

USNY SDNY