UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
STATE OF NEW YORK, et al.          :
                                   :
        Plaintiffs,                :
                                   :
        -v-                        :
                                   :
U.S. IMMIGRATION AND CUSTOMS       :
ENFORCEMENT, et al.                :
                                   :
        Defendants.                :
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

19-cv-8876(JSR)

OPINION AND ORDER

JED S. RAKOFF, U.S.D.J.

In a lawsuit arising under the Administrative Procedure Act
(APA), judicial review is generally limited to review of the
administrative record. See 5 U.S.C. § 706; Citizens to Pres.
Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971). But a
defendant agency cannot have sole, unreviewable authority to
decide which documents properly comprise the administrative
record and which do not. Indeed, excluding courts from this
determination would "impede [them] from conducting the
'thorough, probing, in-depth review' of the agency action with
which [they are] tasked." In re Nielsen, No. 17-3345 (2d Cir.
Dec. 27, 2017), Slip Op. at 2 (quoting Overton Park, 401 U.S. at
415. For this reason, the Court grants plaintiffs' motion to
compel defendants to produce a log of deliberative documents
withheld from the administrative record on the basis of asserted
privilege.

1

In the underlying civil action, plaintiffs the State of New
York and the Kings County District Attorney bring suit under the
APA to challenge the decision by U.S. Immigration and Customs
Enforcement (ICE) to implement a Directive that allows ICE
agents to conduct civil immigration arrests in and around state
courthouses.[1] Compl. ¶¶ 1-12 (Sept. 25, 2019), Dkt. 1. The Court,
after denying defendants' motion to dismiss, directed defendants
to produce the administrative record by no later than January 3,
2020. Opinion and Order at 35 (Dec. 19, 2019), Dkt. 51. On
January 3, defendants filed a 170-page record. Dkt. 55. On
January 23, plaintiffs filed the instant motion to compel
defendants to produce a privilege log identifying materials
withheld from the administrative record. Notably, while this
motion was pending, plaintiffs informed the Court that they had
identified potential gaps in the administrative record that are
not attributable to claims of privilege. Defendants conceded
that some documents may have inadvertently been omitted from the
record, and at a court conference on January 31, the Court
ordered defendants to supplement the record by no later than
February 14.

---

[1] Plaintiffs also assert a cause of action under the Tenth
Amendment, Compl. ¶¶ 135-42, to which the discussion in this
Opinion is not relevant.

The Court now also grants plaintiffs' motion to compel
defendants to produce a privilege log. Defendants primarily rely
on out-of-circuit cases supporting the proposition that —
because privileged, deliberative materials are not part of the
administrative record — an agency ordinarily need not produce a
log of documents withheld from the record on the basis of
privilege. E.g., Oceana, Inc. v. Ross, 920 F.3d 855, 865 (D.C.
Cir. 2019) ("[P]redecisional and deliberative documents are not
part of the administrative record to begin with, so they do not
need to be logged as withheld from the administrative record.")
(internal quotation and citations marks omitted); Great Am. Ins.
Co..v. United States, No. 12-cv-9718 (SF), 2013 WL 4506929 (N.D.
Ill. Aug. 23, 2013); see also Tafas v. Dudas, 530 F. Supp. 2d
786, 802 (E.D. Va. 2008) ("Before [plaintiff] can demand that
the [agency] produce a privilege log substantiating any claims
of privilege, he must first show that documents that belong in
the administrative record are missing.").

But these cases are not binding on the Court,[2] and the Court
does not find their argument persuasive. It is uncontested that

_____

[2] The Supreme Court's decision in In re United States, 138 S. Ct.
443 (2017), to vacate and remand a district court's discovery
order in an APA case is, of course, binding on the Court, but
its facts are easily distinguished. See Nielsen, Slip Op. at 4-
5. The discovery order in that case was far broader than the one
plaintiffs seek here. Not least, the Supreme Court in United
States appeared concerned that the order would "compel the
Government to disclose . . . document[s] that the Government

3

intra-agency materials that genuinely fall under the deliberative process privilege are not part of the administrative record. Comprehensive Cmty. Dev. Corp. v. Sebelius, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012). It does not follow from this premise, however, that courts should not have a role in reviewing whether this privilege was properly invoked and applied to particular documents so withheld. Courts routinely make determinations of privilege in other contexts, and they are expert at doing so. As to the deliberative process privilege specifically, federal courts are often asked in FOIA litigation, for example, to determine whether this privilege applies. See 5 U.S.C. § 552(b)(5); Am. Civil Liberties Union v. Nat'l Sec. Agency, 925 F.3d 576, 592 (2d Cir. 2019). There is no reason why courts cannot make identical determinations in APA lawsuits in order to determine the proper scope of the administrative record.

Moreover, defendants' concern that compelling them to produce a privilege log would undermine the limited nature of

believes is privileged without first providing the Government with the opportunity to argue the issue." 138 S. Ct. at 445. Here, in contrast, plaintiffs merely seek production of a privilege log. Moreover, the Court in United States observed that the district court had ordered extensive discovery before ruling on the defendant agency's motion to dismiss on reviewability and jurisdiction grounds, id.; here, in contrast, this Court has already rejected such arguments. Opinion and Order (Dec. 19, 2019).

4

judicial review in APA actions is misplaced. Allowing courts a
role in adjudicating whether particular documents are properly
withheld from the record on the basis of privilege is consistent
with, not contrary to, the mandate of the courts to review the
"whole record," Overton Park, 401 U.S. 419, and evaluate whether
the agency "examine[d] the relevant data and articulate[d] a
satisfactory explanation for its action." Motor Vehicle Mfrs.
Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).
Without a privilege log, "the District Court would be unable to
evaluate the Government's assertions of privilege," Nielsen,
Slip Op. at 3, and therefore unable to determine whether an
assertedly-privileged document was properly excluded from the
record. And a court that allowed an agency to withhold documents
wrongly marked as deliberative would not be performing judicial
review in the exacting manner prescribed by the Supreme Court in
Overton Park and State Farm. "Indeed, judicial review cannot
function if the agency is permitted to decide unilaterally what
documents it submits to the reviewing court as the
administrative record." United States, 138 S. Ct. 371, 372
(Mem.) (2017) (Breyer, J., dissenting). On the other hand, were
a court satisfied that all of the documents listed on a
privilege log were in fact deliberative, it would not need to

5

inquire into those documents any further.[3] Nothing about a
privilege log, therefore, violates the general requirement that
judicial review and discovery in an APA action be limited to the
administrative record. See Nat'l Audubon Soc. v. Hoffman, 132
F.3d 7, 14 (2d Cir. 1997) (citing Fla. Power & Light Co. v.
Lorion, 470 U.S. 729, 743-44 (1985)); Sharkey v. Quarantillo,
541 F.3d 75, 92 n.15 (2d Cir. 2008).

The primary Second Circuit authority on this question is
clearly supportive of plaintiffs' position. In Nielsen, the
Second Circuit, in an unpublished summary order, denied a
petition for a writ of mandamus to stay the district court's
order compelling the defendant agency to produce a privilege log
to plaintiffs. Slip Op. at 1. Although the decision rested in
part on the extraordinarily high standard for a writ of
mandamus, Slip Op. at 1-2; see Balintulo v. Daimler AG, 727 F.3d
174, 186 (2d Cir. 2013), its reasoning suggests that the court
would also have upheld the district court's order on the merits.
In particular, the Second Circuit noted that the district
court's order compelling the agency to produce a privilege log

---

[3] Of course, even those documents that are properly protected by
the deliberative process privilege may be, under certain
circumstances, included within the administrative record, as the
privilege is not absolute. See Nielsen, Slip Op. at 3 (quoting
Suffolk Cty. v. Sec'y of the Interior, 562 F.2d 1368, 1384 (2d
Cir. 1977)). But any argument to that effect as to the
deliberative documents at issue here is premature.

was appropriate because, without a privilege log, the agency's assertions of privilege would be effectively unreviewable. Slip Op. at 3.

Indeed, that logic suggests that district courts should grant motions to compel production of a privilege log in APA actions as a matter of course, and at least one other court in this district has effectively so held. State of N.Y. v. Dep't of Commerce, 18-cv-2921 (JMF), Argument Tr. 78:10-14 (S.D.N.Y. July 3, 2018), Dkt. 205 ("The first issue whether defendants need to produce a privilege log is easily resolved. Put simply, defendants' arguments are, in my view, squarely foreclosed by the Second Circuit's December 17, 2017 rejection of similar arguments [in] In re Nielsen.")

But even if such a broad requirement did not apply as a matter of course, two case-specific factors that the court in Nielsen viewed as weighing in favor of compelling defendants to produce a privilege log are also present here. First, in Nielsen, the plaintiffs had identified to the district court specific materials that appeared to be missing from the administrative record. Slip Op. at 2-3. Here, similarly, the defendants acknowledge they may have inadvertently omitted certain documents from the record. While there is no suggestion that they did so in bad faith, the earlier omission further justifies some involvement by plaintiffs and the Court in

7

determining what must be included in the administrative record. Second, the court in Nielsen also noted that the number of documents in question was sufficiently small that it would not pose an undue burden for the Government to produce a privilege log. Slip Op. at 3-4. Here, the administrative record is very brief, only 170 pages in length, which leads the Court to believe that there are correspondingly few deliberative documents that would need to be listed on a privilege log, and that the burden would consequently be small.

A case cited by defendants, Comprehensive Community Development Corp. v. Sebelius, 890 F. Supp. 2d 305 (S.D.N.Y. 2012), does not provide a compelling rationale for a contrary result. In that case, another court in this district denied plaintiffs' motion to compel the defendant agency to expand the administrative record (as opposed to providing a privilege log), reasoning that "an agency's designation of the administrative record is generally afforded a presumption of regularity," id. at 309 (internal quotation marks omitted), and that "a court may review extra-record evidence only where 'there has been a strong showing in support of a claim of bad faith or improper behavior on the part of the agency decision-maker . . . ,'" id. (quoting Hoffman, 132 F.3d at 14). But to the extent that the "presumption of regularity" due to ICE is not already undermined by the conceded omissions from the record, a privilege log is

8

not necessarily inconsistent with this presumption. Production
of a privilege log does not give the Court any occasion to
expand the administrative record to encompass any document not
properly included; it simply allows the Court to have some
oversight of the agency's assertions of privilege, the same role
it would assume with respect to any other litigant.

For the foregoing reasons, the Court grants plaintiffs'
motion and directs defendants to produce a privilege log
identifying deliberative materials withheld from the
administrative record by no later than February 28, 2020.

SO ORDERED.

Dated:   New York, NY
         February ⧸, 2020            JED S. RAKOFF, U.S.D.J.

9