February 11, 2020

The Honorable Jed S. Rakoff
Room 1340, United States Courthouse
500 Pearl Street
New York, NY 10007

      RE:    Plaintiffs' motion to compel production of documents in *State of New York, et al. v. U.S. Immigration & Customs Enforcement, et al.*, 19-cv-8876 (JSR).

Dear Judge Rakoff,

      Plaintiffs file this letter in support of their motion to compel production of documents responsive to their discovery requests. Federal law requires ICE to prepare a "certification of compliance" with restrictions on disclosing a noncitizen's identifying information when that noncitizen was the subject of an immigration enforcement action at certain locations, including at a domestic violence shelter, rape crisis center, or a courthouse (when appearing in connection with specified proceedings). 8 U.S.C. § 1229(e). Because Defendants relied on § 1229(e) to support a number of factual and legal arguments in their motion to dismiss, and because the statutorily-required § 1229(e) certifications would contain evidence of ICE enforcement actions in state courthouses, Plaintiffs seek these records from Defendants in discovery. Defendants object and categorically refuse to produce any responsive records. Because the § 1229(e) certifications sought by Plaintiffs' discovery request are relevant to the claims and defenses in this action, and because Defendants are not prohibited from disclosing those certifications, the Court should grant this motion to compel.

      *1.* Plaintiffs served their First Request for Production of Documents to Defendants on January 3, 2020. Request No. 8 sought "[a]ll certifications of compliance of arrests in New York State courthouses pursuant to 8 U.S.C. § 1229(e) and related documents for such arrests, including but not limited to the Notice [to Appear], attached statement showing the provisions of 8 U.S.C. § 1367 have been complied with, and arrest records."

      On February 3, Defendants responded to Plaintiffs' requests. In response to Request No. 8, Defendants responded as follows:

> Defendants object to Request No. 8 because the documents sought by this Request are not relevant to the claim at issue. Defendants further object to Request No. 8 as they are not permitted to provide this information pursuant to statute – specifically the Government is prohibited by statute and regulation from disclosing information relating to specific aliens, if those aliens have concurrently filed an application for one or more of the following: for Temporary Protected Status ("TPS") under 8 U.S.C. § 1254a; a "U-visa" under 8 U.S.C. § 1101(a)(15)(U) (a grant of temporary lawful resident status to alien victims of a crime who assist in the investigation or prosecution of that crime); a "T-visa" under 8 U.S.C. § 1101(a)(15)(T) (a grant of temporary lawful resident status to alien victims of a "severe form of human trafficking"); relief pursuant to the Violence Against Women Act ("VAWA"), 8 U.S.C. § 1101(a)(51) (relief for

      aliens who are victims of domestic violence perpetrated by a U.S. citizen or an LPR); or asylum, 8 U.S.C. § 1158.  The confidentiality provisions of those statutes prohibit DHS from disclosing such aliens' names and other information to counsel in this case. . . .  Accordingly, Defendants are not producing any documents in response to Request No. 8.

Defs.' Responses & Objections to Pls.' First Request for Production of Documents (citations omitted).

      2.  Defendants' first objection—that this request seeks information that is not relevant to Plaintiffs' constitutional claim—should be rejected.  Rule 26 permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  "Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on claims and defenses of the parties."  6 Moore's Federal Practice § 26.42[1] & n.4 (citing cases).  Records documenting ICE's compliance with the § 1229(e) certification requirement are relevant to this action for several reasons.

      Plaintiffs have alleged a dramatic increase in immigration enforcement actions in and around state courthouses since 2017.  Compl. ¶¶ 6-7, 52, 58 (ECF No. 1).  Defendants have contested that allegation.  *See* Tr. of Jan. 31, 2020 Conference 8 (Defendants' Counsel: "I don't know that ICE would agree that there has been an increase in arrests.").  To the extent ICE is required by § 1229(e) to certify compliance with certain obligations in connection with immigration arrests in courthouses, those certifications would provide evidence relevant to Plaintiffs' claims that courthouse arrests have increased.  Indeed, this Court noted in denying Defendants' motion to dismiss that "the extent to which enforcement of the Directive actually differs from enforcement of the 2014 policy is a question of fact to be answered over the course of this litigation."  *New York v. U.S. Immigration & Customs Enf't*, No. 19-cv-8876, 2019 WL 6906274, at *7 n.6 (S.D.N.Y. Dec. 19, 2019).  Plaintiffs' Request No. 8 plainly seeks evidence that would bear on the factual question the Court identified.

      Plaintiffs' request for § 1229(e) certifications also seeks relevant evidence because Defendants themselves specifically put § 1229(e) in issue in this litigation.  In support of their motion to dismiss, Defendants not only contended that "§ 1229(e) specifically contemplates arrests at 'courthouses,'" Defs.' Mem. Supp. Mot. to Dismiss 8 (ECF No. 26); but also referenced the certifications officers are required to submit, *id.* at 23.  Defendants also relied on § 1229(e) to support their jurisdictional argument that "civil arrests outside courthouses existed long before the Directive was issued."  Defs.' Reply 5 (citing § 1229(e)) (ECF No. 38); *see also* Defs.' Supp. Reply 2, 9 (ECF No. 42).  Having placed ICE's practices under § 1229(e) in issue in this litigation, Defendants cannot now claim that discovery regarding those practices is irrelevant.

      3.  Defendants' remaining objection—that they are prohibited by law from responding to Plaintiffs' discovery request—should also be rejected.  Plaintiffs of course agree that 8 U.S.C. § 1367(a)(2) prohibits disclosure "of any information which relates to an alien who is the beneficiary of" certain forms of immigration relief, including T- and U-Visas, and that because of that limitation, personally-identifying information contained within some § 1229(e)

2

certifications is protected from disclosure.  But that protection does not justify Defendants' categorical refusal to respond at all to Plaintiffs' discovery request, because Defendants have never contended the § 1229(e) certifications themselves—as distinct from personally-identifying information about specific noncitizens contained within those certifications—are prohibited from disclosure by § 1367(a)(2).  Nothing in the statute so provides, and Rule 34(b)(2)(C) requires that where responsive materials are being withheld on the basis of an objection, the "objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(C).  Plaintiffs expressly advised Defendants during the parties' meet-and-confer discussions after February 3 that Plaintiffs would not oppose redaction of all identifying information and any related information that could be used to reverse-engineer a noncitizens' identity—as permitted by the Protective Order issued by the Court on February 3 (ECF No. 68)—but Defendants still declined to produce any response whatsoever to Request No. 8.

     Moreover, Defendants' argument that § 1367(a)(2) applies to every single § 1229(e) certification in the agency's possession is overbroad, because the statute itself provides that the § 1367(a)(2) limitation "ends when the application for relief is denied and all opportunities for appeal of the denial have been exhausted."  8 U.S.C. § 1367(a).  Defendants have not contended that *every* responsive § 1229(e) certification in ICE's possession relates to a noncitizen whose application for relief was granted, and Plaintiffs' request would therefore reach responsive records not protected by § 1367(a)(2) at all.

     *4.*  The only objections identified in Defendants' response to Plaintiffs' Request No. 8, as quoted above, were relevance and the statutory limitations on disclosure.  Defendants did not raise any other objections to responding to this request in their written response served on February 3.  Any new objections that Defendants may raise in response to this motion to compel should therefore be rejected as waived.  Fed. R. Civ. P. 26(b)(5)(A), 34(b)(2)(B).

     Plaintiffs respectfully ask that the Court order Defendants to respond to Plaintiffs' discovery request, redacting any personally-identifying information protected by the § 1367(a)(2) limitation on disclosure.

                             Respectfully submitted,

                             LETITIA JAMES
                             Attorney General of the State of New York

                             By: */s/ Matthew Colangelo*
                             Matthew Colangelo
                               *Chief Counsel for Federal Initiatives*
                             Morenike Fajana, *Special Counsel*
                             Fiona Kaye, *Assistant Attorney General*
                             Daniela Nogueira,* *Assistant Attorney General*
                             28 Liberty Street, 19th Floor
                             New York, NY 10005
                             Phone: (212) 416-6057
                             matthew.colangelo@ag.ny.gov

*Attorneys for the State of New York*

ERIC GONZALEZ
*District Attorney of Kings County (Brooklyn)*

By: */s/ Jill Harris*
Jill Harris, *Chief of Policy and Strategy*
Kings County District Attorney's Office
350 Jay Street
Brooklyn, New York 11201
Phone: (718) 250-3156
harrisj1@BrooklynDA.org

*Attorney for the District Attorney of Kings County (Brooklyn)*

\*S.D.N.Y. application for admission pending.